744 A.2d 1212 (2000)
328 N.J. Super. 103
Yehuda AMIR, Plaintiff-Appellant,
v.
Philip and Violet D'AGOSTINO, Units R25 and 26, Brenda Goldstein, and Ocean Club Condominium Association, Defendants-Respondents, and
Albert Gardner, Chief Officer of the General Partner of MLM Associates, a New Jersey Limited Partnership, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 5, 2000.
Decided January 26, 2000.
Valore and Associates, Linwood, for plaintiff-appellant Yehuda Amir (Mark W. Rinkus, Bridgeport, on the brief).
Weiner & Gall, Montvale, for defendant-appellant Albert Gardner (Fredric L. Shenkman, Atlantic City, on the brief).
Hankin, Sandson, Sandman, Bradley & Palladino, for defendants-respondents Philip and Violet D'Agostino (John F. Palladino, Atlantic City, on the joint brief).
Dilworth Paxson, Cherry Hill, for defendant-respondent Ocean Club Condominium Association (Marianne E. Brown, on the joint brief).
Mairone, Biel, Zlotnick & Feinberg, Atlantic City, for defendant-respondent Brenda Goldstein (Norman L. Zlotnick, on the joint brief).
Before Judges STERN, WEFING and STEINBERG.
PER CURIAM.
Plaintiff Yehuda Amir is the owner of two of the twenty-nine commercial units at the Ocean Club Condominium in Atlantic City. He claims "to have an exclusive right to sell certain merchandise" in the condominium complex. Amir appeals from an order entered on June 19, 1998, granting summary judgment in favor of defendants, and declaring "that all covenants contained in the individual unit Deeds to Units R25 and R26 in the Ocean Club Condominium which purport to restrict, prohibit or in any other way limit the owners, successors and/or assigns of said units right to conduct the business of its choice therein, be and are hereby stricken[.]" The order further "strikes" "any covenants in any of the individual unit deeds in any of the commercial units of the Ocean Club Condominiums which purport to restrict, prohibit or in any other way limit the owners, successors and/or assigns of Unit R-25 and R-26 from conducting the business of their choice in said units."
On his appeal, plaintiff Amir contends that the trial court erred in granting summary judgment because "restrictions and covenants contained in individual condominium units' deeds are enforceable," even if "they were not included in the condominium's *1213 master deed," and that the trial judge "erred by concluding" that plaintiff lacked standing to assert his contentions and in granting summary judgment.
Defendant Albert Gardner, the chief officer of MLM Associates, the condominium developer, also appeals from the same judgment. He argues that "the unit deed restrictions are valid and enforceable" even though not set forth in the master deed or public offering statement, that MLM has standing to enforce them, and that the restrictions are "sufficiently clear to be enforceable."
We affirm the order granting summary judgment substantially for the reasons expressed by Judge L. Anthony Gibson in his opinion of August 12, 1998,[1] reported at 328 N.J.Super. 141, 744 A.2d 1233, with the following caveat.
The trial judge concluded that plaintiff did not have standing because "the negative restrictions Amir seeks to enforce involve prohibitions on sales that are contained in the D'Agostino deed" and those restrictions in the individual deed are only for the "benefit of the Sellers, its successors and assigns." 328 N.J.Super. at 152, 744 A.2d 1233. The D'Agostinos acquired unit R-26 from the Fernicolas, and the D'Agostinos thereafter rented that unit to Brenda Goldstein who is selling the women's clothing from which plaintiff believes he is entitled to protection. The judge believed that as the Fernicolas were the sellers, only they and their successors in title would be entitled to enforce the covenant.
On the other hand, the condominium developer is also seeking to enforce the restrictions. It "still retains at least one unit" in the condominium complex and "asserts that it intended to and did, in fact, create a neighborhood scheme via the restrictions and covenants incorporated in the individual unit deeds to the commercial units." The endeavor by MLM to enforce a scheme of restrictions it created in individual deeds may avoid plaintiff's need to show standing because the Fernicolas acquired their unit, subject to the restrictions, from the developer, although plaintiff is not in the chain of title of the Fernicolas (or defendants D'Agostino from whom defendant Goldstein leased her unit). Plaintiff is, of course, in a separate chain of title of the same developer who joins plaintiff in asserting that a "neighborhood scheme" was created for the protection of owners like plaintiff, through restrictions placed in the individual unit deeds.
Because we agree with Judge Gibson that the restrictions, on the specific use of the commercial units, must be "placed within the master deed [or an amended master deed], at least when created by the developer," 328 N.J.Super. at 156, 744 A.2d 1233, we find it unnecessary to pass upon the standing issue.
Affirmed.
NOTES
[1] The August 12, 1998 opinion made some minor typographical and other non-substantive changes to the original opinion on which the earlier June 19, 1998 order was based.